NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEVINSON AXELROD, PA,

    Plaintiff,

v.

Edward Harrington HEYBURN, and the Law Offices of Edward Harrington Heyburn, PC,

    Defendants

Civ. No. 09-5627

ORDER

THOMPSON, U.S.D.J.,

    This matter was originally brought before the Court on Plaintiff's Application for a Temporary Restraining Order ("TRO") with claims of trademark infringement, trademark dilution, unfair competition, and violations of the Anticybersquatter Consumer Protection Act, and Defendant responded with a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

    The Court has heard oral argument as to Plaintiff's claims and concludes that (1) Plaintiff is likely to succeed on the merits of its Lanham Act claims, i.e., that Defendant has used Plaintiff's protected mark in connection with the advertisement of legal services in a manner likely to cause confusion as to the affiliation between Defendant's website and Plaintiff law firm; (2) irreparable harm may be presumed in cases of trademark infringement; (3) Defendants will not suffer any hardship by being required to cease using the domain name "www.LevinsonAxelrod.net," whereas Plaintiffs will likely suffer loss of business and tarnishment of their name if Defendant does not cease using that domain name; and (4) the public interest favors granting an injunction so as to prevent public confusion as to the affiliation between "www.LevinsonAxelrod.net" and the Levinson Axelrod law firm.

1

The Court has also considered Plaintiff's suggestion that, given the passage of time between the filing of Plaintiff's Application for a TRO and the Court's consideration of the Application, and given the extensive briefing and oral argument surrounding the Application for a TRO, the Application for a TRO ought to be considered a Motion for Preliminary Injunction. The Court notes that Defendant expressed no opposition to Plaintiff's suggestion and finds that converting the Application for a TRO to a Motion for a Preliminary Injunction would promote the efficient resolution of this lawsuit and would not prejudice the interests of either party.

The Court has also considered Defendant's Motion to Dismiss, Plaintiff's opposition, and Defendant's reply, and it concludes that Plaintiff has successfully stated claims for trademark infringement, trademark dilution, unfair competition, violations of the Anticybersquatting Consumer Protection Act, and violations of the breach of the duty of loyalty.

It is therefore ORDERED, this 12th day of January, 2010, that Plaintiff's Application for a TRO is converted into a Motion for a Preliminary Injunction; and

It is further ORDERED that Plaintiff's Motion for a Preliminary Injunction is GRANTED; and

It is further ORDERED that Defendants are preliminarily ENJOINED from using the domain name "www.LevinsonAxelrod.net" to post their website describing the Levinson Axelrod law firm; and

It is further ORDERED that this injunction shall remain in effect until vacated by the Court or this case is closed; and

It is further ORDERED that Defendant's Motion to Dismiss [12] is DENIED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.